Shauck, J.
The defendant has refused to certify the nomination of the relator as a candidate upon the ticket to be voted at the general election because on the 14th of February, 1913, Section 1500 of the General Code, which had theretofore provided for the election of a clerk of this court by the electors of the state, was so amended as to provide for his appointment by the court and the pre *24 vious section was repealed. The provision of the amending act for the appointment of a clerk by the court and the repeal of the previous statute providing for his election is admitted, and the question to be determined is made by the relator’s challenge of the constitutional validity of the amending act.
Attention to the relation of its clerk to this court will aid in removing some doubts which appear in the argument. He is vested with no discretion in any respect. He is only an arm of the court for issuing' its process, entering its judgments and performing like duties which the court itself might perform. His services are employed only for the more convenient performance of those functions of the court which are clerical in their nature. It is only in an arbitrary or secondary sense of the word “officer” that it can be applied to him. From the nature of his duties and his relation to the court, the power to appoint a clerk when necessary to the convenient and efficient exercise of its functions is inherent in the court, as are the like powers to punish for contempt, to appoint and remove members of the bar and to grant ancillary injunctions in the exercise of its jurisdiction in order that the status of a subject in controversy may remain unchanged, so that its jurisdiction when exercised will be effective. These powers inhere in the court without special grant, either in constitution or statute, because they are all implied in every conception of a court when courts are created by the constitution. Remembering that the judicial powers of government are all vested in the courts, and that such power is co-ordinate with and in no respect subordinate to *25 the legislative power, it is entirely clear that in the absence of a special constitutional provision the general assembly is without authority to provide for the election of a clerk of this court. Such power, is not embraced in the grant of legislative power to the general assembly. It is not embraced within any proper definition of that power, and the duties of the clerk of the court are the duties of the court itself and embraced within the grant of judicial power. This is obvious, not only from the character of his duties and his relation to the tribunal, but from the practice in the federal courts and the courts of the states where the subject is not affected by special provisions.
But in this state the mode of choosing clerks of local courts is affected by a section of the constitution of 1851, and it is claimed on behalf of the relator that the provision includes the clerk of this court and defeats the operation of the amending statute in question. It was doubtless in view of the fact that in our policy clerks of local courts are charged with duties of an administrative and political nature not relating to the exercise of the judicial function, it was ordained in Article IV, Section 16, that “There shall be elected in each county, by the electors thereof, one clerk of the court of common pleas, who shall hold his office for the term of three years, and until his successor shall be elected and qualified. He shall, by virtue of his office, be clerk of all other courts of record held therein; but, the general assembly may provide, by law, for the election of a clerk, with a like term of office, for each or any other of the courts of record, *26 and may authorize the judge of the probate court to perform the duties of clerk for his court, * * The subject of this provision obviously is courts of the counties. There is neither here nor elsewhere in the constitution any provision which contemplates an election of the clerk of any court by the electors of the state, and from the nature of the subject the provision is necessarily limited to local courts. The phraseology of the provision is doubtless affected in part by the provisions of the constitution of 1802, which made the supreme court a court in every county of the state by the express provision that it should in every year hold a session in each county of the state. It can of course have no application to this court as it is constituted by the constitution of 1851, a court of the state sitting only at the capital of the state. So obvious is this that the validity of the statute now under consideration prior to the amendment whose.validity is challenged was always the subject of doubt, the better opinion apparently being that the statute in its previous form was unconstitutional as being without authority of the constitution and an invasion of the judicial power of the state. But its validity in that form was never judicially considered and it need not be considered now, for the constitutional provision does no more than to ordain that “the general assembly may provide, by law, for the election,” etc. If it be conceded that the general assembly was thus enabled to enact the statute for the election of a clerk of this court by the electors of the state, the repeal of that statute *27 leaves the court to exercise its inherent power to appoint its clerk without regard to the express provision of the amending act that the court shall appoint.
No inference favorable to the relator can be drawn from Article XVII of the Constitution. That article was adopted as an amendment to the constitution without designating any section of the instrument which was to be amended or abrogated. It changed former provisions only in the respects and to the extent which might be necessary to give effect to its provisions as the later expression of the will of the people, and it was subject, in all respects, to the rules relating to amendments and repeals by implication. The State, ex rel., v. Creamer, Treas., 83 Ohio St., 412. Terms of the article evince that its sole purpose was to substitute biennial for annual elections. It did not purport to change the character of any officer as elective or appointive, but only to fix the time for election of officers which by other provisions were to be chosen by the electors of the state. The article could not have the effect to modify any provision of the constitution except for the purpose indicated and to the extent which might be requisite for the accomplishment of that purpose.
It may be that the provision of the amending act under consideration, that the clerk shall be appointed by the court, is without effect. Whether it is or not need not be considered, the court having ample authority without any aid from the legislature to appoint a clerk in the absence of valid *28 provisions providing for his selection in another mode.

Writ refused.

Johnson, Donahue, Newman and Wilkin, JJ-, concur.
Wanamaker, J., dissents.